No. 5740.

70  727
87  591

James D. Lynch *v.* Alexander Ortlieb & Company.

1. Contract—Evidence.—When there is no ambiguity in the written contract its terms must be regarded as expressing the entire contract really agreed on between the parties. Hence, when the contract of lease is silent regarding the soundness and stability of the building leased, and contains only a covenant to keep the same in repair, parol evidence that the lessor represented to the lessee when the written contract was made that the building was secure and safe will not be admitted in a suit by the lessee to recover compensation for losses sus-

tained by the falling of a defective wall, when there is no charge of concealment or fraudulent representations.

2. IMPLIED WARRANTY.—There is no implied warranty on the part of a landlord that a building is adapted to the purposes for which it is leased.

APPEAL from Dallas. Tried below before the Hon. George N. Aldridge.

The charge referred to in the fourth assignment of error is as follows:

"If you believe from the evidence that, at the time plaintiffs leased the second story of defendant's building from defendant's agent, A. F. Hardie, said agent represented that the walls of said building were safe and substantial; and if said representation was then untrue, the east wall of said building being then defective and unsafe, and if, after plaintiffs went into possession of said second story, they discovered that the east wall of the lower story of said building was unsafe; and that thereupon they notified defendant's agent of its unsafe condition; and if said agent had promised to repair it and make it safe; and if he failed to do so; and if, on account of his said failure, said east wall fell and thereby the goods of plaintiffs were injured; and if you further find that, when said agent was notified of the unsafe condition of said wall, he promised plaintiffs to make the wall safe; and if plaintiffs relied on the promise of said agent, and were thereby induced to leave their goods in the second story over said wall; and if, by being so left in said second story, they were damaged by the fall of said wall, then you will find for the plaintiffs the actual damages that they have suffered by reason of the falling of said wall."

The following are the special charges asked, and refused, referred to in the fifth assignment:

"When a landlord leases a building, in the absence of an express covenant or agreement, to that effect, the landlord is not bound to make repairs upon the leased premises, neither is there any implied covenant on the part of the landlord that the premises are fit for any particular use; and, if the written lease does not contain any such covenants, evidence of oral representations or agreements on the part of the landlord, made at the time or before the execution of the written lease, in respect to the strength of the building, or of its fitness for some partic-

ular purpose, can not be admitted for the purpose of binding the landlord by such oral representations or agreements.

"There being no evidence of any consideration for the promise or undertaking of Hardie, to repair the wall after plaintiffs entered under their lease, defendant is not liable for not having repaired it under such promise or undertaking."

*Charles Fred Tucker,* for appellant: No verbal representation (except in case of fraud) as to the character and quality of a building, can be used for the purpose of giving the same effect of a warranty in favor of a party to a lease of such building, when such lease is made in writing and contains no such covenant of warranty. (Foster v. Peyser, 9 Cush., 242; Dutton v. Gerrish, 9 Cush., 89; Naumberg v. Young, 15 Vroom, 331.

In a lease of a building, there is no implied warranty on the part of the lessor that the building is sound or strong, or fit for the purposes for which it is rented. (Archbold on Landlord and Tenant, 31, 32; Mullen v. Rainear, 16 Vroom, 523; Phillips v. Stevens, 16 Mass., 238; Davis v. Smith & Bradley, 15 Mo., 467; Gibson v. Perry, 29 Mo., 245; Taffer v. Harteau, 56 New York, 398; Libbey v. Talford, 48 Me., 316.)

*A. S. Lathrop* and *H. G. Robertson,* for appellee: Parol proof is admissible, not to change or vary the terms of a written instrument, but to establish fraud or misrepresentation in relation to the subject matter of the contract upon which a party to such contract relies and acts to his injury. (Mitchell v. Zimmerman, 4 Texas, 75; Henderson v. Railroad Company, 17 Texas, 560; Railroad Company v. Dawson, 62 Texas, 260; Jacob Sharp v. The Mayor of New York, 40 Barb., 256, in point.)

The lessees covenanted to repair, induced by the mistaken of fraudulent misrepresentations of the lessor that the walls were safe. Upon discovery of the true condition of the wall both parties interpret the contract as not binding the lessees to keep the building and repair it, and the lessor agrees to put the building in the condition in which it was supposed to be when the contract was made, and thus induced the plaintiffs to remain, and through the defendant's failure to perform his promise they were damaged.

Under the circumstances stated, the defendant would be liable.

If the landlord promises the tenant to make repairs and induces him to rely on his promise and remain in the building, and the landlord fails to repair the same or does it negligently, and the building falls and injures the tenant, the landlord is liable. (Gill *v.* Middleton, 105 Mass., 477, same case, 7 Am. Rep. 448.)

ACKER, JUDGE COMMISSION OF APPEALS.    Appellant J. D. Lynch, owned a two story business house in the city of Dallas, and on the thirtieth day of January, 1880, entered into a written lease for the second story of the building to appellees for a term of two years, beginning February 20, 1880.    Appellees paid rent up to April 1, 1880, and went into possession of the leased premises and began business as wholesale dealers in notions.    The written contract of lease contains no covenant, or representations, as to the safety or condition of the building. On April 1, 1880, a portion of the wall of the lower story of the building fell, causing damage to appellees' goods.    This action was brought against the landlord, Lynch, to recover compensation for the damage thus sustained.

On the trial appellees were permitted, over objection of appellant, to testify, that Hardie, agent for Lynch, who made the contract of lease with them, represented to them at the time the lease was executed, that the building was safe and secure. The objection was upon the ground that appellees "sought by the evidence to vary and enlarge the written contract of lease by adding a parol covenant of warranty as to the condition and character of the building."

The contract having been reduced to writing and executed by the parties, they are presumed to have stated in the writing just what each party undertook to do, and their respective rights and liabilities must be determined from the language of the instrument itself.    If the language of the instrument was ambiguous, or uncertain, parol evidence might have been offered for the purpose of explaining what the language used actually meant.    The instrument contains no warranty as to the condition or character of the building, and the effect of the evidence was to fix upon appellant the liability arising upon such a warranty, thus changing in a very material manner the rights and liability of the parties.    The only covenant contained in the lease is upon the part of appellees, that they would keep the premises in repair.

There is no implied warranty upon the part of the landlord that the premises are fit for the purposes for which they are leased.  If the tenant desired to hold him responsible for the insecurity of the building, they should have had such a covenant incorporated in the lease.  There is no allegation of fraudulent representations or concealments upon the part of the landlord, and in the absence of such allegation parol evidence can not be offered of any representations or warranties made by him, not embraced in the written contract of lease. It seems, indeed, that such allegation could not consistently be made, for it appears that appellees examined and inspected the building for themselves before the contract of lease was entered into.  The lower story of the building was not in the possession of appellant.  It was occupied by tenants, and it clearly appears that the insecure condition of the wall was produced by the uses made of the adjoining premises, which were not owned by, nor under the control of appellant.

We think the court erred in overruling the objection and admitting the evidence, from which it follows that the court erred in giving the charge relating to that evidence, and complained of in the fourth assignment of error.  (Hughes v. Sandal, 25 Texas, 162; Self v. King, 28 Texas, 552; 4 Wait's Act. and Def., 235; Taylor's Landlord and Tenant, sec. 381; Woods's Landlord and Tenant, secs. 320, 324; Abbott's Trial Ev., 526.)  We deem it unnecessary to discuss other points presented by the appellant.

For the errors indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*