McLEOD et al. v. McCALL et al. (No. 21.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 4, 1915. Rehearing Denied Nov. 25, 1915.)

1. APPEAL AND ERROR ⊜548—PAROL TESTIMONY TO VARY WRITTEN INSTRUMENT—BILL OF EXCEPTIONS—FAILURE TO INCLUDE FUNDAMENTAL ERROR.

Where no bill of exceptions appears in the record on appeal, reserving an exception to the exclusion of parol testimony introduced to establish certain uses and a parol trust under a trust deed which were asserted to have been in contemplation by the parties to the transaction, though not set out in the deed, the action of the court will be reviewed, as a question of fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ⊜548.]

2. SCHOOLS AND SCHOOL DISTRICTS ⊜65 — TRUST DEED—COUNTY JUDGE—USES PERMISSIBLE—UNEXPRESSED USES—ACQUIESCENCE.

Where land was deeded to a county judge and his successors in office to hold in trust "for a schoolhouse site for the use of the Bethel neigh-

borhood," to have and to hold "for the use of a public school and for said community forever," and the land was held and conveyed by successors in the office of county judge, and the trust acquiesced in for 20 years, the only uses and trusts under which such judges could officially hold and convey the land being those provided for by Rev. St. 1879, arts. 3711, 3771, providing for the holding of land in trust for public school purposes by county judges and mayors of cities, and article 3777, providing for the sale of such land by such trustees for the purpose of purchasing school grounds or erecting buildings, the members of the community could not, in order to prevent such a sale by the trustee, assert a verbal trust, not expressed in the deed, that the county judge was to hold the property without power of sale for a number of community uses, not allowable under such sections of the statute.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 162–167; Dec. Dig. ☞65.]

3. SCHOOLS AND SCHOOL DISTRICTS ☞65— COUNTY JUDGES—STATUTORY SCHOOL TRUST —POWERS OF TRUSTEE.

A county judge in his official capacity cannot hold land in trust for any uses or purposes other than those set out in Rev. St. 1879, arts. 3711, 3771, providing for the holding of land by county judges and mayors of cities in trust for school purposes, and in article 3777 empowering such trustees to sell such lands for specified purposes.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 162–167; Dec. Dig. ☞65.]

Error from District Court, Montgomery County; J. Llewellyn, Judge.

Action by William McLeod and others against S. A. McCall and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Nugent & Toler, of Conroe, for plaintiffs in error. A. L. Kayser, of Conroe, and R. A. Powell, of Montgomery, for defendants in error.

BROOKE, J. Plaintiffs in error brought suit in the district court of Montgomery county, Tex., in the form of trespass to try title against the defendants in error for 8.9 acres of land, and in their seventh amended original petition on which they went to trial, they allege, in substance, that the land in question was conveyed by J. L. Goodin to N. A. Cravens, county judge of Montgomery county, and his successors in office, on the ——— day of ———, 1892; that said conveyance did not set out all of the uses and purposes to which said land was to be put, and for which the same was conveyed, but that there was a verbal agreement between plaintiffs, who constituted the Bethel community, for whose benefit the deed was made, and said N. A. Cravens, county judge, at the time said deed was executed, that he, the said Cravens, county judge, was to hold said property in trust for plaintiffs, to be used by them for public and private purposes, as members of said Bethel neighborhood, and for religious worship, preaching, prayer meetings, public speakings, and discussions, Sunday schools, social clubs, lodges, political

meetings, farmers' alliance and farmers' union, and all kindred public and private uses, and for the enjoyment of the plaintiffs, with the special and specific understanding and agreement before, at, and ever after the moment of said purchase that no right or power should ever vest in the said N. A. Cravens, county judge, as aforesaid, and in his successors in office in Montgomery county, to use or sell said property for public school purposes, except at the will and pleasure and by the written consent of these plaintiffs, and with the express further understanding and agreement by and between all of said parties and with the said J. L. Goodin, and that in so far as said property may, at any time, be used by Montgomery county, or by any school community, or by any other person, or for public school purposes, such users would at all times be tenants at will of these plaintiffs, and that neither by operation of law or otherwise should such users of Montgomery county, Tex., or any other person, ever have any power to sell or in any manner alienate said land or the legal title thereto, all of which was then and there, it is alleged, agreed to by these plaintiffs, all of the defendants, by N. A. Cravens, county judge, as aforesaid, and by the said J. L. Goodin. A breach of the trust by Montgomery county is alleged by the sale of the land to one of the defendants, who is alleged to have purchased with notice of said oral trusts and uses, the cause proceeded to trial, and plaintiffs introduced the following deed and conveyance in evidence, and which is here set out in full, since upon its construction rests the disposition of this case:

"The State of Texas, County of Montgomery.

"Know all men by these presents: That I, J. L. Goodin, of the county of Montgomery, and state of Texas, for and in consideration of the sum of sixteen dollars, to me cash in hand paid, the receipt of which is hereby acknowledged, and the further sum of sixteen dollars to be paid by W. H. Steed, John Martin and William McLeod, with thirty days from this date, for which the said W. H. Steed, John Martin and William McLeod, have made, executed and delivered to me their several joint and promissory notes, bearing even date herewith and payable as above stated, have this day granted, bargained, sold and released and conveyed, and do by these presents grant, bargain sell, release and convey unto, N. A. Cravens, county judge, in and for the county of Montgomery, in the state of Texas, and his successors in office for a schoolhouse cite for the use of Bethel neighborhood the following described tract or parcel of land, to wit. [Here follows description of land.] To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said N. A. Cravens county judge of said county, and his successors in office for the use of a public school and for said community forever. Witness my hand this 3d day of March, A. D. 1892.
"J. L. Goodin.

"Acknowledgment in due form.

"Filed for record March 5th, 1892, at 3 o'clock, p. m. Recorded March 10th, 1892, at 4 o'clock p. m. to which I certify.
"J. H. Davis, C. C. M. C."

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The plaintiffs in error then offered to es tablish by witnesses the uses and verbal trust, as alleged in their petition, and set out in the above statement, whereupon the defendants in error objected. The court sustained said objections, and the jury was peremptorily instructed to render a verdict for the defendants.

[1] We are confronted at the outset with objection on the part of defendants in error to a consideration of the plaintiff's assignments of error, based on the action of the lower court in excluding evidence of the parol trust agreements and uses sought to be proven on the trial, for the reason that no proper bill· of exception was taken and preserved to the action of the court. A close inspection of the record bears out the contention of the defendants in error, for no bill of exceptions appears in the record before us. The contention of defendants in error, therefore, seems to be well taken, but it is insisted, in an able and lengthy presentation of the subject, that the action of the court in excluding parol testimony as above set out was fundamental error, and therefore is entitled to be inquired into, without being presented by a bill of exceptions.

[2, 3] The deed in question is dated the 3d day of March, 1892, recorded on the 10th day of March, 1892, in the deed records of Montgomery county, Tex., and it is to be observed that the granting clause is as follows:

"Granted, bargained, sold, released and conveyed, and by these presents grant, bargain, sell, release, and convey unto N. A. Cravens, county judge in and for the county of Montgomery, and state of Texas, and his successors in office *for a schoolhouse cite for the use of Bethel Neighborhood.* (Italics ours.)"

The habendum clause reads:

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto said N. A. Cravens, county judge of said county, and his successors, in office, for the use of a public school for said county forever."

It is said, in an instrument similar to the present, in which the conveyance was made to a bishop of the Roman Catholic church for the benefit of the church, to his successors and assigns forever, that it vests a fee-simple title in such bishop in trust for the church, in the absence of any condition subsequent, either express or implied. Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985.

An eminent writer, in classifying trusts, uses the following language:

"Trusts, are divided, in reference to their creation, into express trusts, implied trusts, resulting trusts, and constructive trusts. Express trusts are also called direct trusts, and are generally created by instruments that point out directly and expressly the property, persons, and purposes of the trust. Hence they are called direct trusts in contradistinction to those trusts that are implied, presumed, or construed by law, to arise out of the transaction of the parties. Implied trusts are trusts that the courts imply from the words of the instrument, when no express trust is declared but such words are used that the court infers or implies that it was the purpose or intention of the parties to create a trust. Resulting trusts are trusts that the courts presume to arise out of the transaction of the parties, as if one man pays the purchase money for an estate and the deed is taken in the name of another, courts presume that a trust is intended for the person who pays the money. A constructive trust is one that arises when a person, clothed with some fiduciary character, by fraud or otherwise gains some advantage to himself. 1 Perry on Trusts, 24 et seq."

There is a direct trust declared in the deed. On the 3d day of March, 1892, N. A. Cravens was the county judge of Montgomery county, and as such it was lawful for him to enter into a contract for the uses and purposes such as are set out in the instrument before us. Article 3711, Revised Statutes 1879, reads:

"All conveyances, devises and bequests of property made by any one for the benefit of public * * * schools for any county, city or town, shall, when not otherwise directed by the grantor or devisor, vest said property in the county judge of the county or the mayor of said city or town, and * * * successors in office, as the trustee for those to be benefited thereby, and * * * same shall, when not otherwise directed, be administered by said judge or mayor, subject to the approval of the board of education."

Article 3771, Revised Statutes 1879, reads:

"When a school community has no schoolhouse, the available public * * * school fund for any one year, to the credit of said community with the county treasurer, may be used for the purpose of erecting a house upon the following conditions, to wit: A suitable piece of land shall be donated as a site, and a deed therefor executed and delivered to the county judge conveying said land to the county judge, and his successors in office, in trust for public free school purposes, which deed must be recorded as other deeds."

And article 3777, Revised Statutes 1879, reads:

"The trustees of any school community, upon * * * order of the county commissioners' court approving the terms thereof, when deemed advisable, may make sale of any property belonging to said school community and apply the proceeds to the purchase of necessary grounds, or to * * * building or repairing of schoolhouses." Belcher v. Mulhall & Scaling, 57 Tex. 20; Yarbrough v. Clarkson, 155 S. W. 955; Davis v. George, 104 Tex. 106, 134 S. W. 326; Milliken v. Co. of Callahan, 69 Tex. 205, 6 S. W. 684; Lynch v. Ortlieb, 70 Tex. 727, 8 S. W. 515; Janes v. Ferd Heim Brewing Co., 44 S. W. 898.

This law was in force at the time of the execution of the instrument. The trust is plain, was lawful, and has been acquiesced in by all parties for about 20 years. The county judge could not, in his official capacity, execute a trust and hold property for persons, to be used by them for public and private purposes, as members of a neighborhood, and for religious worship, preaching, prayer meetings, Sunday school, social clubs, lodges, and for political meetings, public speaking and discussion, farmers' alliance and farmers' union, and such and similar purposes. Plaintiffs in error now seek, at this late day, and after the land has been used for all this time under the instrument, and has been lawfully conveyed by said trustee or his suc-

cessor for purposes legally authorized, to ingraft upon said instrument terms which would destroy, contradict, and change the terms primarily set out therein, and for this purpose they offer to introduce parol testimony to the effect that it was agreed that these other and various and contradictory uses and trusts should be ingrafted upon said instrument. This cannot be done. During nearly 20 years there was nothing wrong found in the contract. It is unambiguous, and, in all that time nothing developed to show that it did not reflect the real agreement of the parties. The parties were charged with a knowledge of the law in force at the time the contract was made, and we think should be held to have intended to make a lawful contract, which the writing expresses. Therefore we are of the opinion that the trial court did not err in holding that parol testimony was not admissible in this case. So believing, the action of the trial court. is, in all things, affirmed.