## WILSON v. COUNTY SCHOOL TRUSTEES OF EASTLAND COUNTY et al.
### (No. 1185.)

(Court of Civil Appeals of Texas. El Paso. March 10, 1921. Rehearing Denied March 31, 1921.)

**1. Schools and school districts ⬤=65—Title in fee in trust for schools of district held conveyed by deed to county judge.**

A deed to a county judge "for school purposes," wherein the habendum clause was, "To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said C., county judge, his successors in office, heirs and assigns, forever," *held* a conveyance of the fee-simple title to the judge in trust for the school or schools of the district in which it is situated; the words therein "for school purposes" simply designating the beneficiaries, and not expressing conditions, especially in view of Rev. St. arts. 1106, 1107.

**2. Schools and school districts ⬤=65 — Land held in fee simple could not be abandoned.**

Land conveyed in fee simple to the county judge, in trust for schools of the district in which it was situated, could not be abandoned.

**3. Schools and school districts ⬤=65—County judge sufficiently definite grantee in deed for benefit of schools.**

County judge is a sufficiently definite grantee in a conveyance of a fee-simple title in trust for the schools of the district in which it was situated.

**4. Schools and school districts ⬤=65—Nature and extent of trust in deed in trust for schools arrived at as any other fact.**

The nature and extent of a trust created by a deed in trust for schools may be arrived at as any other fact.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by J. T. Wilson against the County School Trustees of Eastland County and Common Line School District No. 70. Judgment for defendants, and plaintiff appeals. Affirmed.

M. J. Smith, of Eastland, for appellant.
Sayles & Sayles, of Eastland, for appellees.

HARPER, C. J. J. T. Wilson filed this suit against the county school trustees of Eastland county and common line school district No. 70, for title to certain lands described, to remove cloud, and for restitution thereof. Defendants' answer contains general demurrer, general denial, plea of not guilty, and plea of four and ten years' limitations. Tried before the court; and judgment rendered for defendants, from which an appeal has been perfected.

The trial court made the following findings of fact:

"(1) I find that J. T. Wilson and wife, R. J. Wilson, are the common source of title.

"(2) I find that said J. T. Wilson and wife on April 29, 1897, executed and delivered their deed in words and figures substantially as follows:

"The State of Texas, County of Commanche.

"Know all men by these presents that we, J. T. Wilson and wife, R. J. Wilson, of the county of Commanche, state of Texas, for and in consideration of the sum of five dollars, to —— paid, by B. F. Chastain, county judge of Eastland county, Texas, for school purposes, have granted, sold and conveyed, and by these presents do * * * grant, sell and convey, unto the said B. F. Chastain, county judge of Eastland county, and his successors in office of the county of Eastland and state of Texas, all that certain tract or parcel of land situated in Eastland county, Texas. * * *

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said B. F. Chastain, county judge, or his successors in office, heirs and assigns, forever; and we hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend, all and singular, the said premises unto the said B. F. Chastain, county judge, and his successors in office, heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. * * *

"(3) I find that the land conveyed by said deed is 1½ acres of land described by metes and bounds as follows: Beginning at the northwest corner of that certain 100 acre tract of land out of the Wm. De Moss survey situated partly in Commanche county, Texas, and partly in Eastland county, Texas, heretofore conveyed to the said J. T. Wilson by J. G. Battle and B. A. Ludlow by deed recorded in volume Z, page 130, Deed Records of Commanche County, Texas; thence south with west line of said 100-acre tract 105 yards; thence east at right angles to said west line 70 yards; thence north and parallel with said west line 105 yards; thence west with the north line of said 100-acre tract 70 yards to the place of beginning.

"(4) I find that the said J. T. Wilson and his wife on October 25, 1900, conveyed all of said 100-acre tract of land, except the above-described 1½ acres out of the northwest corner to J. S. Richardson, and that since said conveyance neither the said J. T. Wilson, nor his wife, R. J. Wilson, have owned any land in Eastland county, Texas, or in Commanche county, Texas.

"(5) I find that the said J. T. Wilson and wife shortly after October 25, 1900, removed their residence to Haskell county, Texas, where they now reside and have since resided.

"(6) I find that shortly after the deed from J. T. Wilson and wife conveying the above-described 1½ acres of land was executed and delivered and the schoolhouse was erected on said tract of land and that said schoolhouse was removed from said 1½-acre tract of land and sold some time in the year 1918 or 1919, but I do not find that the defendants have abandoned said 1½-acre tract of land, and do not find

that that said 1½-acre tract of land will not be used in the future for school purposes."

The first and second assignments, being that the judgment is contrary to the evidence and contrary to the law, will not be passed upon otherwise than as they may be by our answers to the other assignments and propositions.

The third is that the court erred in holding that the deed to B. F. Chastain, county judge, and his successors in office, heirs and assigns, passed the fee-simple title, because the manifest intention was to dedicate the land to a public use, "for school purposes," and not to pass the fee-simple title.

The fourth is that the deed is void because there is no definite grantee named.

[1, 2] The habendum clause, being "To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Chastain, county judge, his successors in office, heirs and assigns, forever," was a conveyance of the fee-simple title to the county judge in trust for the school or schools of the district in which it is situated. There are no conditions subsequently expressed, unless the words "for school purposes" should be construed to be such, as contended by appellant. The words convey no such meaning, but simply designate the beneficiaries, to wit, schools, for which the trust property shall be devoted. Without these words the deed would have been ambiguous, necessitating evidence to show the particular county purpose to which it was to be devoted, for it could not have been ascertained from the deed, in the absence of the words, whether it was for school, courthouse, hospital, or roads, etc. Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; Rev. Stat. arts. 1106 and 1107; Tarrant County v. McLemore (Sup.) 8 S. W. 94; McLeod v. McCall, 180 S. W. 293.

The appellants having conveyed a fee-simple title to the land, it could not be abandoned. Allen v. Franks, 166 S. W. 384.

[3, 4] The answer to the fourth assignment is that the county judge is a definite grantee so provided by statute, and the fact that the beneficiary is not named does not militate against the class of estate conveyed, nor have the effect to void the deed. The nature and extent of the trust may be arrived at as any other fact. Studebaker Mfg. Co. v. Hunt, 38 S. W. 1134. And appellant by his pleadings has designated the predecessors of common county line school district No. 70 as the original beneficiary, and the statutes of Texas providing for reorganization and consolidation of districts make the latter the now beneficiary.

Affirmed.