TAYLOR et al. v. COUNTY SCHOOL TRUSTEES OF EASTLAND COUNTY et al. (No. 1166.)

(Court of Civil· Appeals of Texas. El Paso. March 10, 1921. Rehearing Denied March 31, 1921.)

1. Schools and school districts ☞65 — Deed held to convey fee-simple title in trust for schools.

2. Schools and school districts ☞65—Deed to county judge in trust for school purposes held not ambiguous.

A deed to a county judge in trust for school purposes, to have and to hold, together with all and singular the rights and appurtenances thereto in any wise belonging "unto the said county judge and his successors (Merriman school district)," etc., is not ambiguous in any sense, except as to the identity of the benefi-. ciary, and this may be ascertained as any other fact.

3. Mines and minerals ☞54(2)—Deed conveying fee conveyed oil, gas, and minerals.

A deed which conveyed the fee also included the oil, gas, and minerals.

4. Evidence ☞460(5)—Oral evidence inadmissible to show deed conveying fee did not convey minerals, gas, and oil.

Oral evidence was not admissible to show that oil, gas, and minerals were not conveyed under a deed conveying fee-simple title to county. judge in trust for school district.

5. Schools and school districts ☞65—Trustees cannot abandon fee-simple title in land conveyed for school purposes.

Where the fee-simple title of land is conveyed to county judge in trust for schools, the school trustees cannot abandon it.

Error from District Court, Eastland County; Joe Burkett, Judge.

Suit by the County School Trustees of Eastland County and another against A. A. Hilliard and others in which F. Wilmot Taylor and others intervene. From an adverse judgment, F. Wilmot Taylor and others bring error. Affirmed.

Conner & McRae, of Eastland, and R. H. Field, of Kansas City, Mo., for plaintiffs in error.

Scott, Brelsford & Smith, W. H. Sewell, and Sayles & Sayles, all of Eastland, for defendants in error.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HARPER, C. J. The Taylor Charcoal Company was a corporation duly incorporated under the laws of Texas, January 10, 1919. October 6, 1890, G. H. Hard conveyed to the Taylor Charcoal Company 40 acres, which includes the 1⅛ acres in controversy.

The said corporation executed the following deed (the underscored portions in writing and the balance in printed form).

"The State of Texas, County of ———.

"Know all men by these presents that *the Taylor Charcoal Company*, of the county of *Eastland* and state of *Texas*, in consideration of the sum of *five and 50/100* dollars paid, *the receipt of which is hereby acknowledged*, as follows, ——— have granted sold and conveyed and by these presents do grant sell and convey unto the said [by pen in ink, with pen mark in ink through the words as indicated] ~~Trustees of the Merriman school district No. #,~~ *the county judge and their successors and his successors for school purposes*, of the county of *Eastland* and state of *Texas*, all that certain tract and parcel of land situated and being in *Eastland county and state of Texas* [here follows description by metes and bounds]. *The same being the N. W. cor. of said cemetery survey, * * * containing 1⅛ acres (one and one-eighth acres).*

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said ~~trustees and their~~ *county judge and his successors (of Merriman school district) # of Eastland county, Texas*, heirs and assigns forever, and *it* does hereby bind *itself and* heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said ~~trustees,~~ *county judge of said Eastland county* ~~school district,~~ heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof. *In* witness *whereof said Taylor Charcoal Company has caused this deed to be signed by its president and attested by its secretary with the corporate seal hereto attached this May 5, 1891.*

"Signed, sealed and delivered in presence of
W. O. Thomas.      T. H. Hudson, President.
"Attest:    Greenup Bird."

The Taylor Charcoal Company is a dissolved corporation, at least is not now a going concern and has not been since 1896 or 1897, and the appellants are the owners of all the stock.

This suit was instituted in trespass to try title by the county school trustees and Warren Wagner, lessee under oil lease, against A. A. Hilliard and wife, unknown heirs of Hilliard, and the Taylor Charcoal Company. (The case as to the Hilliards was severed and prosecuted separately.)

The appellants John W. Taylor and Wilmot Taylor intervened, claiming to be the sole owners of all the stock of the Taylor Charcoal Company and thereby the owners of the fee to the 1⅛ acres in controversy, including the oil, gas, and petroleum thereunder, alleging that the Taylor Charcoal Company dedicated the land for school purposes; that the recital in said deed of $5.50 consideration was a mere formality; that in fact no consideration was ever paid; that it was not the intention of the contracting parties that the minerals in, on, or under said lands should be conveyed.

The plaintiffs denied the affirmative allegations of interveners and pleaded stale demand. Tried to a jury, and after the evidence was all in the court instructed a verdict for plaintiffs and judgment was entered accordingly. By writ of error the cause is now before this court for review.

Appellants have briefed seven assignments of error. All urge primarily that it was error for the court to instruct a verdict; the reasons assigned by the propositions are: (a) That the deed relied on by appellees did not convey a fee-simple title, but a base or qualified fee: (b) in that it conveyed the use of the surface and not the minerals; (c) and there being evidence of abandonment of the land "for school purposes," and that the plaintiffs were converting the oil, it was error to instruct a verdict.

[1] In the case of Wilson v. County School Trustees et al., 229 S. W. 669, (this day handed down), this court, in construing a similar deed, held:

"The habendum clause, being 'To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the * * * county judge and his successors in office, heirs and assigns forever,' was a conveyance of the fee-simple title to the county judge in trust for the school or schools of the district in which it is situated. There are no conditions subsequent expressed, unless the words 'for school purposes' [in the granting clause] should be construed to be such, as contended by appellant. The words convey no such meaning, but simply designate the beneficiaries, to wit, schools, for which the trust property shall be devoted. Without these words the deed would have been ambiguous, necessitating evidence to show the particular county purpose to which it was to be devoted, for it could not have been ascertained from the deed, in the absence of the words, whether it was for school, courthouse, hospital, or roads, etc. Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; Rev. Stat. arts. 1106 and 1107; Tarrant County v. McLemore (Sup.) 8 S. W. 94; McLeod v. McCall, 180 S. W. 293."

[2] The deed is not ambiguous in any sense, except it be as to the identity of the beneficiary, and this may be ascertained as any other fact in the case. Studebaker Mfg. Co. v. Hunt, 38 S. W. 1134.

The pleadings of the parties, the evidence adduced, including the erased portion of the deed "Trustees of the Merriman School District," are so conclusive in this respect that there was no occasion to submit this question to a jury.

[3] It is argued by the appellant that the deed on its face bears evidence of ignorance and inexperience of the writer. It evidences just the contrary, viz., that the writer was informed as to the laws requiring conveyances of property to the public free schools to be made to the county judge of the county in trust, and when so written it fixed a definite grantee, and, being followed by the statutory form for a fee-simple title, "to have and to hold forever," such title was vested thereby.

[4] It having conveyed the fee, it included the oil and gas, etc., underneath. And oral evidence was not admissible to establish anything inconsistent therewith.

[5] The fee-simple title having been conveyed, the trustees could not abandon (Allen v. Franks, 166 S. W. 384), for in case of sale, as provided by statute, the proceeds of the sale must be used for the purchase of other property or for other school purposes.

Appellants have furnished many plausible and persuasive arguments in support of their contention that the deed in question conveyed only a qualified fee, but we have concluded that the Supreme Court of Texas has ruled definitely to the contrary. Possibly we should answer these arguments more in detail, but have concluded that it could serve no good purpose.

The assignments are overruled, and cause affirmed.