**J. D. YOUNG CORPORATION v. McCLINTIC et al.**

No. 2392.

Court of Civil Appeals of Texas. El Paso.

March 20, 1930.

Paul Moss, of Odessa, for appellant.

Kimbrough & Lee, of Midland, for appellees.

PELPHREY, C. J.

On the 1st day of March, 1927, appellees entered into the following lease contract with J. D. Young:

"The State of Texas, County of Ector.

"This Contract of Lease made and entered into on this the 1st day of March, 1927, by and between C. A. McClintic and H. L. McClintic, doing business generally under the

name of McClintic Brothers, as parties of the first part, and the Odessa Furniture Company wholly owned by J. D. Young, party of the second part,

"Witnesseth:

"1. That the parties of the first part are in progress of erecting a sheet steel store building 25 feet wide by 80 feet long with an annex shed 25 feet wide by 20 feet long on the back and so erected on Lot 17 Block 36 in the Original Town of Odessa, Texas, which construction will be completed sometime during the month of March, 1927.

"2. Now the parties of the first part lease to party of the second part the said store building for a period of three years, beginning on April 1, 1927, and ending on the 31st day of March, 1930.

"3. For and in consideration of the above lease, the party of the second part agrees to pay to parties of the first part such proportional amount of one month's rent as hereinafter defined and set out as is proportioned to the date on which second party actually begins occupancy of said building up to April 1st, and on April 1st to pay to the first parties the sum of $125.00 for the next ensuing month's rent, and likewise to pay $125.00 a month on the 1st day of each month to the first parties for and during the entire term of three years hereinabove provided for in this lease.

"4. It is understood between the parties hereto that this lease is taken for the use and benefit of J. D. Young Corporation now in process of formation, and party of the second part agrees and binds himself that he will not assign or sub-lease the said lease except such assignment as may be necessary to put the title into J. D. Young Corporation, without the express written consent of the parties of the first part, their heirs and assigns.

"5. Should the premises herein leased be at any time during the pendency of this lease, partially or totally destroyed by fire, then the parties of the first part shall in case of partial destruction, replace the said building in tenantable condition at the earliest possible moment thereafter, using like construction to that now in contemplation, and now being used in the construction of said building. But should the premises be totally destroyed by fire or to such extent as to render the building untenantable and not readily repaired, then the first parties shall have their option to replace the said premises, and in case they decide so to do, the rent shall abate during such time the premises are being repaired to tenantable condition.

"6. Should there at any time be any default in the payment of rent, or in any of the covenants herein contained, then it shall be lawful for parties of the first part to declare this contract cancelled and terminated, and to re-enter said premises and remove all persons therefrom without prejudice to any legal remedies which may be used for the collection of rent, all and every claim for damages, for or by reason of said re-entry being hereby expressly waived.

"7. This property is rented for a furniture business, and second party covenants and agrees that the same shall be so used, and that no improper or offensive use of the said property shall be permitted, and at the expiration of this lease that he or his successors, as contemplated herein, will quit and surrender said premises in as good condition as is consistent with reasonable use and wear thereof."

A short time thereafter, and after appellant had begun to occupy the building, an oral contract was entered into whereby an annex was added to the building and the rent increased to $140 per month.

On June 28, 1929, the J. D. Young Corporation, as plaintiff, filed this suit in the district court of Ector county, against appellees, alleging the execution of the written contract above; that under said contract appellees were to complete and deliver to appellant the said building in good, substantial, and tenantable condition; that the building and annex were not finished in the manner and in accordance with the terms of the contract, but that the roof was leaky and the rear end of the building and annex were not completed to keep the rain water from entering the store and annex; that, after the execution of the original lease, and after appellant had taken possession of the buildings, in order to get the building and annex enlarged, and put in a tenantable condition, it agreed to pay an additional $15 per month, and appellees agreed to accept same and to finish the building and keep it in good and tenantable repair; but, on the contrary, appellees failed to so do; that, by reason of such failure on the part of appellees, water entered the building and damaged appellant's stock of merchandise in the sum of $1,284.72; that the premises were leased to appellant for the purpose of conducting a furniture business therein, and that bedding, furniture and other articles commonly kept in a furniture store were soaked with water.

Appellant prayed for a cancellation of the lease, tendered possession of the premises; prayed for judgment for the $1,284.72, and judgment foreclosing a lien, which it alleges was given to him by virtue of article 5236, Rev. St. 1925.

Appellees answered by general demurrer, special exceptions, general denial, and by special answer and cross-action alleging the written and oral agreements; that they had at all times complied with the terms of those agreements; and that appellant was indebted to them in the sum of $840 for rent on said premises, as provided for in said contracts.

By supplemental petition, appellant demurred to appellees' special answer and cross-action, generally denied the allegations thereof and specially answered said special answer and cross-action alleging that appellees by said contracts were to erect, complete, and rent to appellant the building and annex in a manner suitable and necessary for the use of a general retail furniture business, and in a good, substantial, and tenantable condition for such business; that they failed to so construct said buildings; that the roof has always leaked; that the rear end of the building and annex are so constructed as to permit and cause rain water to enter and flood the buildings; that, by reason thereof, rain water has from time to time entered the buildings damaging appellant's stock of merchandise in the sum of $950; that the stock of merchandise was soaked with water; that the itemized list of goods damaged attached to the petition had a cost price of $656.48; that at the time said goods were damaged they were reasonably worth the amount of the cost price plus 50 per cent. as their retail price at Odessa; that the stock of goods were generally depreciated, and that such depreciation together with the cost of labor and repair in putting the damaged goods in a saleable condition after the rain soaking amounted to $300; that the building never was suitable or tenantable as a furniture store and that appellees, though often requested, have failed and refused to make it so.

The cause was submitted to a jury on special issues and the following facts were found: "(1) That appellees did erect the building in compliance with the written contract; (2) that they did not erect a building suitable for a furniture business; (3) that appellant was not damaged by reason of the breach of contract; (4) and that appellant was indebted to appellees in the sum of $840.00 for rent."

Judgment was rendered in favor of appellees against appellant on his action for damages, and against appellant on appellees' cross-action for $840.

This appeal has been perfected from such judgment.

#### Opinion.

■ There is, as a general rule, no implied covenant upon the part of the landlord that the demised premises are fit for the purposes for which they are rented, or for the particular use for which they are intended by the tenant. 36 C. J. p. 45.

■ Lynch v. Ortlieb, 70 Tex. 727, 8 S. W. 515, and, if a building is leased during construction, the rule of caveat emptor applies if the building is sufficiently near completion to permit lessee to ascertain its suitableness for the intended use. Oliver v. Hartzell, 170 Ark. 512, 280 S. W. 979; but a different rule

prevails where the construction of the building has not commenced, or where it has not progressed sufficiently to afford the lessee an opportunity to judge of its suitability. Gray v. Tate (Tex. Civ. App.) 251 S. W. 820.

From a reading of paragraph seven of the lease contract, it clearly appears that the parties contemplated the use of the building for a furniture store, and, in fact, there is a covenant on appellant's part to so use it.

There being no showing in the record that the construction had progressed to such an extent as to afford appellant an opportunity to judge of the suitableness of the building for such purpose, it cannot be said that he took the building at his peril.

■ We are of the opinion that the construction of the contract was a question for the court, and that the issue as to whether appellees erected the building in compliance with the written contract should not have been submitted to the jury.

The only question, according to our view, of the proper construction of the contract, was, did appellees erect for appellant a building suitable for a furniture business?

This question was submitted to the jury in special issue number two, and was answered in the negative.

Under that finding, the only issue remaining, as far as appellant's cause of action was concerned, would be the amount of his damages.

Special issue No. 3, submitted to the jury, reads: "Was the plaintiff damaged by reason of the breach of the contract, if there was a breach of contract, on the part of the defendant?" This issue was also answered by the jury in the negative.

In view of the first issue having been submitted and the jury's finding thereon taken in connection with its finding that appellees did not erect a building suitable for a furniture business, it appears the jury had decided that, under its construction of the contract, appellees had not breached their contract, and the finding that appellant had not been damaged by such breach cannot be said to have the effect of finding that there had been no damage to appellant's stock of furniture, as contended by appellees.

■ We are of the opinion that the appellees, under the lease contract and the facts here, were obligated to erect for appellant a building suitable for a furniture business and that, upon their failure to do so, appellant was entitled to recover any damages sustained by him resulting from such failure, and, it appearing that such question of damages was not passed upon by the jury in the trial, the judgment of the trial court should be reversed, and the cause remanded, and it is so ordered.