### McCLINTIC et al. v. J. D. YOUNG CORPORATION.
#### No. 2548.

Court of Civil Appeals of Texas. El Paso.

June 25, 1931.

Rehearing Denied Sept. 17, 1931.

G. W. Dunaway and T. D. Kimbrough, both of Midland, for appellants.

E. C. Lockliear, of Andrews, and Paul Moss, of Odessa, for appellee.

PELPHREY, C. J.

This is the second appeal of this cause, and a statement of the case will be found in 26 S.W.(2d) 460, which is the same as in the present suit, except as to the amount of rent and damages sought.

The case at bar was tried to a jury, and upon its findings that appellants did not erect a building suitable for a furniture business, that appellee sustained $1,984.72 in damages by reason of their failure to erect such a building, and that appellee used ordinary care to prevent further injury from the rains, judgment was rendered in favor of appellee for $444.72, and from such judgment this appeal has been perfected.

### Opinion.

The ten propositions advanced by appellants are: (1) That, appellee having become a tenant of the building under an assignment from J. D. Young, it was error to render judgment for appellee in the absence of a showing that the covenant to build a building suitable for a furniture store was not breached before the assignment, or that the right of action for breach of such covenant was also assigned to appellee; (2) that appellee, having become a tenant of the building by virtue of an assignment from J. D. Young, the rule of caveat emptor applies to it and it could not look to appellants for its damages because of the unsuitableness of the building; (3) that the covenant to build a building suitable for a furniture business, being an implied covenant, did not run with the leasehold, and appellee, having become the tenant by virtue of an assignment, must look for its damages to its assignor; (4) that appellee, having itemized its damages, was limited to the amount shown by its schedule; (5) that the court erred in admitting the opinion of J. D. Young as to the amount of the general damage; (6) that it was error to permit the witnesses Montgomery and Corbitt to state that they never thought the building suitable for a furniture business; (7) that certain argument of counsel for appellee was prejudicial and reversible error; (8) that the general demurrer to appellee's petition should have been sustained; and (9) that the finding of the jury that appellants failed to erect a suitable building was immaterial and would not support the judgment rendered. Paragraph 4 of the lease contract reads: "It is understood between the parties hereto that this lease is taken for the use and benefit of J. D. Young Corporation now in process of formation, and the party of the second part agrees and binds himself that he will not as-

sign or sub-lease the said lease except such assignment as may be necessary to put the title into J. D. Young Corporation, without the express written consent of the parties of the first part, their heirs and assigns."

This provision is, we think, sufficient to show that appellee was the real party at interest. and the first three propositions are therefore untenable.

■ Appellee alleged in its original petition: "That on or about March 1, 1927, plaintiff and defendants made and entered into an agreement and rental contract, whereby defendants rented to plaintiff for three years, to-wit, from April 1, 1927, to and ending March 30, 1930, Lot 17, Block 36, in the Original Town of Odessa, Ector County, Texas; on which defendants were to complete a sheet steel store building 25 feet wide by 80 feet long with an annex shed 25 feet wide by 20 feet long on the back end, and to deliver same to plaintiff in a good, substantial and tenantable condition; that defendants on or about April, 1927, delivered, and plaintiff took possession of said land and premises at an agreed rental of $125.00 per month; but that said store building and annex were not finished in the manner and in accordance with the terms of said lease and agreement; that on the contrary, the roof has always been leaky and the rear end of said building and annex not completed to keep the rain waters from entering said store and annex; that sometime after plaintiff took possession of said land and premises, and in order to get building and said annex enlarged and put in a tenantable condition, plaintiff agreed to pay $15.00 per month additional to the said $125.00 per month, and defendants agreed to accept said amount, and to finish said building and put and keep it in good and tenantable repair; but, on the contrary, defendants have failed and refused so to complete and keep said building in a good and tenantable repair and condition, by means whereof the water has entered said building and premises and damaged plaintiff's stock of merchandise in the sum of $1984.72; that said land and premises were leased to plaintiff and said building to be erected for him for a furniture business; that plaintiff's furniture was soaked with water, including bedding, furniture and other articles commonly kept and sold in a furniture store." ·

By its supplemental petition it alleged, in reply to appellant's answer and cross-action, as follows: "Plaintiff admits the lease contract, but says that defendants were to erect for plaintiff a building suitable for a furniture business; but that in utter disregard of their duty to do so, defendants, though often requested, failed and refused to erect for plaintiff a building suitable for a furniture business; that the roof, sides and rear always leaked; that the rear and annex were so constructed as to permit and cause rain water

to enter and flood the building; that by reason thereof, rain water, from time to time, entered the building and soaked plaintiff's furniture and merchandise with water to its damage in the sum of $1984.72; that plaintiff attaches hereto an itemized list of goods damaged, marked plaintiff's 'Exhibit A,' and made a part hereof, showing a loss of $984.72; plaintiff says that its stock of goods and furniture was generally depreciated, and that such general depreciation, together with the cost of labor and repairs necessary to put the damaged goods and furniture in a saleable condition after being soaked by rain water, amounted to the sum of $1000.00 and more; that said building was never suitable for a furniture store; that defendants from time to time promised to erect and make said building suitable for a furniture store, which promise, plaintiff, in good faith, relied upon, all of which defendants well knew."

Appellants now contend that appellee's recovery should have been limited to the amount itemized in Exhibit A, and that there is no pleading upon which a recovery for more than that amount could be recovered.

We think it clear from the above-quoted pleadings that appellee was seeking to recover special damages, and that $984.72 was damage to a specified list of articles and the $1,000 was additional damage to the stock by reason of depreciation and cost of repair.

The only assignment and the one to which appellants assert the proposition germane to complains of the judgment on account of the insufficiency of the evidence while the proposition questions the sufficiency of the pleading.

■ While the proposition sets forth a different question from that raised in the assignment, and while we might properly disregard the proposition by reason thereof, yet, following our practice of liberality in such matters, we shall not do so.

■ The only exception urged to any of the quoted pleadings was a general demurrer, and we are of the opinion that they were good as against such an exception.

The only objection interposed to the statement of J. D. Young that his estimate of the additional damage to the furniture was not less than $1,500 was that it called for his opinion as to what the additional damage was.

■ Appellants, in their fifth proposition, contend that such statement was too remote, speculative, uncertain, and indefinite and not included in the schedule filed in the pleadings.

The objection urged in the trial court, as shown by the bill of exceptions, is not presented in the proposition, and we cannot consider the additional objections there urged. The proposition must therefore be overruled. Nor do we agree that the admission of the testimony of the witnesses Corbitt and Mont-

gomery, as to their opinion as to the suitableness of the building for a furniture business, calls for a reversal of the judgment.

J. D. Young had given his opinion as to the suitableness of the building, and no objection was made thereto, and from an examination of the whole testimony we are of the opinion that there was abundant evidence to support the jury's finding on that question aside from the testimony of the above witnesses. If there was error it was harmless.

The statement of counsel for appellee complained of by appellants, while not to be sanctioned, in view of the prompt action of the trial court instructing the jury not to consider it for any purpose, would not authorize this court in reversing the judgment.

Appellants' contention that, appellee having alleged that the building was to be erected of sheet steel, it was necessary for it to go further and allege that appellants were negligent in the construction of the building, in order to state a cause of action, also seems to be without merit.

There is nothing in the record to show that a building of sheet steel cannot be erected in such manner as to be suitable for a furniture business, and we certainly cannot take judicial knowledge of any such fact.

From a careful study of the record, we have concluded that none of the errors assigned call for a reversal of the judgment, and that it should be affirmed, and it is so ordered.