

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Ben L. King
County Attorney
Burnet County
Burnet, Texas

Dear Sir:

Opinion No. 0-7265
Re: Title to Deed from Scottish
American Mortgage Co. Ltd. to Board
of Trustees of F. & T. Consolidated
Common School District No. 18, Burnet
County, Texas, and related question.

We acknowledge your letter of June 3, 1946, requesting an opinion of this department on the questions therein set out, pertinent portions of which letter we quote for the purposes of this opinion as follows:

"Enclosed herewith is a certified copy of a
deed from the Scottish American Mortgage Company,
Ltd. to Board of Trustees of the F & T Consolidat-
ed CSD of Burnet County, Texas.

"In this connection the $300 consideration shown
in the deed was paid at the time the deed was deliver-
ed from public free school funds of the grantee dis-
trict caused the clause you will find at the end of the
deed inserted, by which it was sought to fix the title
for the benefit of the community rather than the school.

". . .

"After the execution and delivery of such deed to
such district a school house was constructed thereon
with funds borrowed by the district on its bonds. School
was maintained there for several years, but in 1945, as
a result of an election held in each district, the F & T
Consolidated CSD was consolidated with the Marble Falls
ISD, and became a part of a consolidated district known
as the Marble Falls Independent School District. Since
the date of this last consolidation no school has been
maintained in the schoolhouse on the land conveyed in
the deed, copy of which is enclosed, and it is not in-
tended by the school authorities to ever maintain anoth-
er school there. The schoolhouse constructed on such
land was of rock and cannot be removed as a building.

"The proper school authorities desire to sell the lot and the building together. This raises the following question which I will appreciate your answering for me:

"'Upon consolidation of the F & T Consolidated CSD with Marble Falls ISD, and the removal of the school from such premises coveyed in said deed, and the cessation of use of same for school purposes, did the title to such lot pass from the school authorities into the last Board of Trustees of the F & T Consolidated CSD for the use and benefit of the community, or is such clause ineffective, and could the proper school authorities now sell such lot and the building erected thereon under the provisions of law relating to sales of school properties?'"

The deed referred to in your letter executed on January 11, acknowledged on January 23 and recorded on February 2 in the year 1939, in the County of Burnet, Burnet, Texas, reads in part as follows:

"The Scottish American Mortgage Company, Limited, . . . for and in consideration of the sum of Three Hundred Dollars ($300.00) to it in hand paid by the Board of Trustees of F & T Consolidated Common School District of Burnet County, Texas, . . . have GRANTED, SOLD and CONVEYED unto the said Board of Trustees . . . , and to their successors in office, for school purposes, the following described land, . . . in said County . . . :

"Five and one-half (5½) acres of land, . . . (Described)

"TO HAVE AND TO HOLD . . . , together with all and singular the rights and appurtenances thereunto in anywise belonging, unto the said Board of Trustees of the F & T Consolidated Common School District No. 18, . . . and their successors and assigns, forever, (General warranty clause).

"It is further a provision of this conveyance that in the event that said lot may cease to be used for school purposes by reason of the removal of the school or for any other reason, then that the title thereto shall vest in the individuals comprising the last Board of Trustees of the above named school district as trustees for the community, to be held and administered by them as a trust, and for the use and benefit of all of the people of the Fairland and Toby communities."

We understand that no bonded indebtedness exists concerning the lot or the school building built thereon and that, therefore, no question of assumption of indebtedness is herein involved.

Under the facts submitted, the land was conveyed to the Board of Trustees of the F & T Consolidated School District for school purposes, was paid for by said Board with public free school funds of the grantee district, and subsequent thereto, a school building was constructed on this land with funds borrowed by the grantee district on its bonds; that in the year 1945, the F & T Consolidated Common School District was consolidated under Art. 2806, V.A.C.S., with the Marble Falls Independent School District and became legally a part thereof; that since the consolidation no school has been maintained on said land and that presently the proper school authorities do not intend ever to maintain a school thereon.

It is definitely settled, we believe, that a deed of land to school trustees "for school purposes" wherein the habendum clause was to have and to hold unto the school trustees as assignees forever was a conveyance of a fee simple title, and simply that. Gladewater County Line Independent School District v. Hughes, 59 S.W. (2d) 361, and the many cases cited therein. The insertion in a deed of land to a school district of the words "for school purposes only" does not restrict the title of the district. T. W. Phillips Gas & Oil Co., v. Lingenfelter, 5 A.L.R. 1495. The mere expression of a purpose will not debase a title. Wilson v. County School Trustees, 229 S. W. 669, and Gladewater case, supra.

Under the line of cases above quoted, the deed in question herein operated to convey a fee simple title in the trustees of the F & T Consolidated Common School Trustees, its successors or assigns forever, in trust for the school or schools of the district in which it is situated, provided the clause therein stating in substance that in the event the land ceases to be used for school purposes, then title thereto will vest in the individual designated therein in trust for Fairland and Toby communities, cannot be construed as a conditional limitation divesting title, under the facts, out of the school district trustees, their successors and assigns.

Based on the facts submitted in your letter and herein summarized, it is shown the F & T Consolidated Common School Trustees paid for such land with public free school funds and caused the provision to be inserted in the deed by which it was sought to fix the title for the benefit of the community rather than the school district. We are of the opinion that said provision is ineffectual and therefore is inoperative to divest the fee simple title out of the trustees of the school district, their successors and assigns and into the last named individual trustees of the district as trustees for the community.

It is elementary that the F & T Trustees in causing the insertion of such a provision clearly were acting beyond and without the scope of their authority as school trustees. They have no authority to give away school properties. Furthermore, the grantor having conveyed all the title

it had in said land, legal and equitable, for the consideration paid in hand with school funds, preserving no right of reversion in itself, was without right or power to make, or attempt to make a subsequent condition of defeasance. Our answer, therefore, to the first part of your question is that the title to such lot did not pass from the school authorities into the last Board of Trustees of the F & T Consolidated Common School District for the use and benefit of the community.

Art. 2806, V.A.C.S., as amended by Acts 1945, 49th Leg., p. 416, Ch. 264 provides in part as follows:

"... Where one or more independent school districts are consolidated together or with one or more common school districts the consolidated districts shall constitute an independent school district, and shall have all the rights, powers and privileges granted to independent school districts by the laws of this State.

"If only one independent school district is consolidated with one or more common school districts, the consol dated district shall bear the name of such independent school district, and the board of trustees of said independent school district shall serve as the board of trustees of the consolidated district until the next regular election of trustees, as prescribed by general law, at which time the consolidated district shall elect a board of seven (7) trustees, whose powers, duties, and terms of office shall be in accordance with the provisions of the general laws governing independent school districts, as they now exist or may be thereafter enacted; ..."

It is our understanding that under the provisions of Art. 2806, the F & T Consolidated Common School District consolidated with the Marble Falls Independent School District and the new district is now known as the Marble Falls Independent School District. The powers and duties of the Marble Falls Independent School District Board of Trustees, as designated by statute, shall be in accordance with the provisions of the general laws governing independent school districts. The school properties which prior to the consolidation were vested in the Board of Trustees of the F & T Consolidated Common School District in trust for that school district are now vested in the Board of Trustees of the Marble Falls Independent School District, the successors in office as designated in the deed, by reason of the consolidation of the district, and in accordance with the provisions of Art. 2772, Vernon's Annotated Civil Statutes.

Art. 2773, Vernon's Annotated Civil Statutes, provides as follows:

"Art. 2773. Sale of school property.

"Any houses or lands held in trust by any city or town for public free school purposes may be sold for the purpose of investing in more convenient and desirable school property, with the consent of the State Board, by the board of trustees of such city or town; and, in such case, the president of the school board shall execute his deed to the purchaser for the same, reciting the resolution of the State Board giving consent thereto and the resolution of the board of trustees authorizing such sale."

Under the facts submitted and for the purpose as set out in Art. 2773, it is the opinion of this department that the proper school authorities of the Marble Falls Independent School District now can sell such lot and the buildings erected thereon under the provisions of the statute relating to the sale of school property.

Trusting that the above satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

/s/ Chester E. Ollison

Chester E. Ollison
Assistant

APPROVED JUN 20 1946
/s/ CARLOS ASHLEY
FIRST ASSISTANT
ATTORNEY GENERAL

CEO:fb:egw

APPROVED
Opinion Committee
By BWB
Chairman