### G. W. SUMMERHILL v. F. B. WILKES ET AL.

#### Decided December 24, 1910.

**1.—Contract—Unincorporated Church Organization.**

An unincorporated church organization can not as such be made liable on its contracts; nor can an officer of such organization be made liable in his official capacity; a contract signed by such an officer officially binds him individually, and not the church.

**2.—Peremptory Charge—Excessive Amount.**

A peremptory charge to return a verdict for the plaintiff is properly refused when, although authorized in every other respect, it names an amount in excess of that warranted by the evidence, and this, though the excess be trivial.

Appeal from the County Court of Hill County. Tried below before Hon. Horton B. Porter.

*Morrow & Smithdeal* and *Tarlton Morrow,* for appellant.—It appearing from the evidence that the contract declared upon by appellant was signed as follows: "Cumberland Presbyterian Church, Abbott, Texas, by F. B. Wilkes, Chairman Building Committee," and it further appearing that said church was not a corporation but simply a body of persons associated together for worship, and that it had no legal existence to contract; and it further appearing from the evidence that the appellant was not liable upon said contract, had never authorized nor ratified same; and it further appearing that there was an admitted indebtedness to appellant under said contract, the court should have instructed a verdict for appellant. Burton v. Grand Rapids, etc., 31 S. W., 91; Methodist.

etc., v. Clifton, 78 S. W., 732; 24 Am. & Eng. Ency. of Law, 370; 1 Am. & Eng. Ency. of Law, 1181, 1182, and 1189.

*W. E. Spell* and *Luther Nichels,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellees to recover the sum of $128.40, with interest, as balance due upon a certain written contract declared upon by appellant, also to foreclose a lien upon certain seats, and, in the alternative, for the title and possession of said seats. The suit was originally filed in the Justice Court, where a judgment was rendered for appellant. Upon its appeal to the County Court a trial before a jury resulted in a judgment for appellees. Motion for new trial was duly filed, was overruled and due notice of appeal given. Appeal bond was duly filed.

The contract sued on was in writing and was between the Cumberland Presbyterian Church of Abbott, by F. B. Wilkes, chairman of its building committee, and the corporation, Texas Seating Company, for the sale of certain seats, by said Texas Seating Company, for which said company was to receive $256.80. There were certain payments made, after which the contract was, for a valuable consideration, conveyed to G. W. Summerhill, who filed this suit to recover the balance due thereon.

The contract contained a provision as follows: "It is mutually agreed and understood that the title to the furniture herein specified shall not pass to the said party of the second part, but shall remain in the said party of the first part until full payment of the cash and notes herein specified shall have been made to the party of the first part or assigns, and should the said party of the second part at any time fail .to make payment as stipulated herein, or fail to pay its or their notes or any of them at maturity, the said party of the first part may at its option without any notice enter and take possession of said furniture and sell same according to the best judgment of the said party of the first part, and apply the proceeds thereof to the costs of defraying the expenses connected therewith, including the purchase price of said goods according to the terms of this contract, any deficiency remaining to be paid by the party of the second part." Said contract is signed as follows: "Texas Seating Company (Party of the First Part), Cumberland Presbyterian Church, of Abbott, Texas, by F. B. Wilkes, Chairman Building Committee (Party of the Second Part)."

It is insisted in the first assignment of error that the trial court erred in refusing its special charge No. 1 instructing a verdict for plaintiff. The charge requested was as follows: "You are instructed to find a verdict for the plaintiff for the amount sued for, together with a foreclosure of the lien on the seats in question."

The facts show that the Cumberland Presbyterian Church of Abbott is not a corporation, but simply a body of persons associated together for worship. The evidence showed that Dr. F. B. Wilkes, who signed the contract as chairman of the building committee, was chairman of said committee, and he testified that he signed said contract in his

official capacity and not individually. The law is that an unincorporated church organization can not be made liable on its contracts. ·Nor can an officer of such church organization be made liable in his official capacity; but a contract signed by an officer in his official capacity binds him individually and not the church. Burton v: Grand Rapids Furniture Co., 10 Texas Civ. App., 270 (31 S. W., 91).

In the case cited it was said that in the case of religious and eleemosynary associations the members and managing committees who incur liability, assent to it, or subsequently ratify it, become personally liable. See also Methodist Church, South, v. Clifton, 34 Texas Civ. App., 248 (78 S. W., 732).

It follows from this holding that Dr. F. B. Wilkes was responsible on the contract individually, although in signing the same as chairman of the building committee it was not his intention to become individually liable.

The suit sought to recover $128.40. The uncontroverted evidence showed that there was due on the contract $125. It would not, therefore, have been proper for the court to have charged the jury, as is contended by appellant in his first assignment, to return a verdict for plaintiff for the amount sued for.

For a similar reason it would not have been proper to give appellant's special charge No. 6, reading as follows: "You are instructed as the law in this case that, the church in question for which the seats were bought was not an incorporated body and that it was such a body as could not sue or be sued, and therefore could not be bound to the contract sued upon. You are further instructed as a part of the law in this case that, when Dr. Wilkes signed said contract individually or as a member of said building committee he was personally liable to pay the Texas Seating Company, with whom the contract was made, the entire amount called for in the contract, regardless of whether he could obtain reimbursement from his fellow members or not. You are further instructed as a part of the law in this case that the plaintiff, G. W. Summerhill, having bought and paid value for the contract and having had the same assigned to him, was subrogated to all the rights of the Texas Seating Company therein. Therefore you are instructed to return a verdict for the plaintiff for the sum of $125.20 with 7 per cent interest from April 13, 1906." While this charge announced a correct proposition of law the court properly refused it because it was not supported by the facts. The uncontroverted evidence did not show that there was $125.20 due on the contract.

We, however, sustain the assignment that the trial court erred in refusing to grant appellant a new trial on the ground that the verdict is contrary to the law and evidence. Under the uncontroverted evidence the plaintiff was entitled to a verdict. For this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*