KUTEMAN et al. v. LACY et al.

(Court of Civil Appeals of Texas. Jan. 24, 1912. Rehearing Denied Feb. 28, 1912.)

1. ASSOCIATIONS (§ 18*)—LIABILITIES AS TO THIRD PERSONS — UNAUTHORIZED ACTS OF AGENT.

Where one member of the building committee of a lodge, without authority, falsely represented to a materialman, after about one-third of the material had been furnished, that a certain part of the contract price was being held back, and promised that the committee would see that his bill was paid, neither the lodge nor an individual jointly interested with it in the building were bound thereby, though these representations induced the materialman to furnish the balance of the material without taking any steps to secure a lien on the property.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 31–35; Dec. Dig. § 18.*]

2. CONTRACTS (§ 1*)—PROMISE TO PAY—WHAT CONSTITUTES.

Where one jointly interested with a lodge in the ownership and construction of a building represented to a materialman, after practically all the material had been furnished, that he and the lodge were holding back on the building contract an amount sufficient to pay for the material, such representations were not a promise to pay, and did not of themselves render him liable for the material.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. FRAUD (§ 25*) — REPRESENTATIONS — LIABILITY—WHERE NO LOSS.

Although a part owner of property being improved falsely represented to a materialman that an amount sufficient to pay for the material was being held back out of the contract price and thereby caused the materialman to refrain from filing a lien, he incurred no liability where a statutory lien could not have been fixed at such time for the reason that the owners were not then indebted to the contractor.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 24; Dec. Dig. § 25.*]

Appeal from District Court, Parker County; J. M. Patterson, Judge.

Action by H. W. Kuteman and others against John W. Lacy and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Stennis & Wilson, for appellants. F. O. McKinsey, John J. Hiner, and W. L. Dean, for appellees.

KEY, C. J. Appellants brought this suit against John W. Lacy, Ples Gafford, and the Odd Fellows Lodge at Lipan, Tex., seeking to recover for a bill of lumber and the foreclosure of a mechanic's lien. The case was submitted to the court without a jury, and judgment rendered for the defendants, and plaintiffs have appealed.

The trial court filed the following conclusions of fact and law:

"Findings of Fact.

"(1) I find: That early in the year 1909 the defendant Ples Gafford and the Independent Order of Odd Fellows of Lipan, Tex., entered into a written contract with the defendant John Lacy to construct for them a two-story building on a lot belonging to defendant Gafford in the town of Lipan, Hood county, Tex. That in making said contract said lodge was represented by a committee, which it had duly appointed.

"(2) That said committee was appointed by the defendant lodge from its own members, and was composed of George Helm and four others, and they were fully empowered to enter into a contract with some contractors for the construction of a building to be owned by said lodge and Ples Gafford, the said Ples Gafford to own the lower story and the defendant lodge the upper story, to be used by it as a lodge. Said committee had authority, in connection with Ples Gafford, who represented his own interests, and who was also a member of said building committee, to look after the interests of said lodge and supervise the building thereof and to pay for same, for which the lodge would become liable. Said committee was known as the building committee, and had authority to borrow money, if necessary, on account of and for said lodge, and to receive and accept said building when finished, and that Ples Gafford and the five members appointed by said lodge constituted and were known as the 'Building Committee.' The price agreed to be paid by said committee for said building was $3,250, of which Ples Gafford was to pay $1,750 and the lodge $1,500, said payments to be made as the work progressed. The said Lacy was to furnish all material and complete the house

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

according to the plans and specifications, and to deliver the same when so completed to said committee.

"(3) I find that the bill of lumber and material for which plaintiff sues was sold by plaintiff to the defendant John W. Lacy, with the understanding that the same was to be paid for from time to time as the same was delivered, and the work on said building progressed. I find that said George Helm, one of the building committee, was employed by the defendant Lacy to assist in hauling the lumber and material for the construction of said building, from Weatherford to Lipan, and that, after he had hauled several loads, W. A. Chew, one of the plaintiffs, and manager for said company, requested the said Helm to see Lacy and get him to send him some money in payment for the material he had furnished. I find that on the 21st of September, 1909, when Helm had returned for another load of lumber, he, in conversation with said W. A. Chew, said that the building committee was holding back $800 or $1,000, which was 25 per cent. of the contract price, and that they would see that plaintiffs were paid. That the said Helm thereby meant the building committee would see plaintiffs paid, and the plaintiffs so understood it; that, when such statement was made by the said Helm, about one-third of the lumber and materials for the construction of said house had been furnished; that the plaintiff Chew relied upon said statement of Helm and furnished the balance of the lumber and material without taking any steps to fix a lien on the building and looked to and expected said committee to see that plaintiffs' bill was paid; that the plaintiffs, under said contract, furnished the materials set out in their petition and as described in the account filed with the county clerk of Hood county, Tex., on or about the 27th day of November, 1909, and that said material and lumber was used in the construction of the building mentioned and described in plaintiffs' petition.

"(4) I find that on the 25th of November, 1909, plaintiffs gave written notice to the defendants of the amount due them and for what the same was due, as required by the civil statutes of Texas. I find that at the time of said notice the said Lacy had abandoned said contract without finishing the building, and that neither of said defendants at that time was indebted to him in any sum, he having heretofore been overpaid for the material and the work he had done under said contract. I find that after Lacy abandoned the contract the committee went ahead and completed the same, and that, in order to do so, they were compelled to pay more than the contract price.

"(5) I find that Helm in making the statements to Chew hereinbefore set out to the effect that they were holding back $800 or $1,000, and that they would see plaintiffs paid, acted without any authority for the balance of the committee or the lodge, and that they knew nothing about said representations and statements made by Helm until long after Lacy had abandoned the contract, and had been paid for the work he had done.

"(6) I find that, if it had not been for the statements so made by Helm to said Chew, the plaintiffs would not have furnished the balance of the lumber without pay as the same was delivered, and that by said statements of the said Helm plaintiffs were induced to go ahead and deliver the balance of the material without taking any steps to secure or fix a lien upon the property, which they could and would have done had it not been for the statements made by the said Helm.

"(7) I find that on the 21st of September, 1909, the committee were not holding back $800 or $1,000 of the contract price, or any other sum. I find that by the terms of the contract between the defendant Lacy and the other defendants said other defendants had the right to hold back 25 per cent. of the contract price until said building was finished according to contract. I find that the material furnished by plaintiffs has never been paid for, in whole or in part, and that the same was reasonably worth the amount claimed in plaintiffs' petition. I find that on the 12th day of November, 1909, plaintiffs called up said Ples Gafford over the phone to know why plaintiffs had not received any money on account of said lumber and material; that said Gafford then and there represented to plaintiffs, over the phone, that he and the lodge were holding back 25 per cent. of the contract price, and that said job was not then finished, and that the amount so held back was between $800 and $1,000, which was ample to pay plaintiffs' bill; that at the time of this conversation about all, if not all, the material had been furnished for the construction of said building; that on or about the 23d of November, 1909, plaintiff again called up said Gafford to know why they had not been paid something on their bill, as he had promised, and the said Gafford then and there denied having made the promises and representations about said house, and further stated that the defendants did not owe Lacy anything, and immediately the plaintiffs proceeded to give notice to the defendants of the amount of their bill, and to file an itemized bill of the same.

"(8) That plaintiffs relied upon the representations of said Gafford and said Helm and were induced thereby to refrain from giving the statutory notice and taking other steps to fix their lien against the building; that Gafford, at the time he made said representations on the 12th of November, did not know but what himself and the lodge were indebted to Lacy and were holding back a sum sufficient to pay plaintiffs' claim.

"(9) I find that on said date the lodge and

the said Gafford were not holding back any sum to secure the plaintiffs or other parties.

## "Conclusions of Law.

"The promises made by Helm, one of the building committee, that he and the other committeemen would see that the plaintiffs' bill was paid, was void under the statute of frauds, and the plaintiffs cannot therefore recover, as the same was not in writing, and for the further reason that the action of Helm in making said promise was outside of his authority and the scope of his authority, and was made without authority from the balance of the committee, and for these reasons was invalid.

"And the representations of Gafford, having been made after the material was all furnished, and said promise of Gafford being to pay the debt of another and not in writing, is invalid, and plaintiffs cannot recover of Gafford by reason of said mere promise and misstatements. The promise of Helm was a promise to pay the debt of another, to wit, the debt of defendant Lacy, and cannot be enforced against the lodge, because not in writing."

## Opinion.

No statement of facts has been brought up, and appellants submit the appeal upon the trial court's findings of fact.

[1] We agree with that court that the facts found fail to show that either the lodge or Gafford was bound by the representations and promise made by Helm. While the latter was a member of the building committee appointed by the lodge, there were several other members of that committee, and therefore what he did and said was not an act of the committee, and the facts found fail to show that it was authorized or ratified by the lodge or by Gafford.

[2] We also concur in the holding that the facts found fail to show liability on the part of Gafford. It is not made to appear that Gafford promised appellants that he would pay for any of the material used in constructing the house.

[3] Nor does it appear that at the time that he represented to appellants that $800 or $1,000 was being reserved, either the lodge or Gafford owed Lacy, the contractor, anything; and therefore it does not appear that appellants could have fixed a statutory lien at that time, the settled rule being that, if at the time the materialman gives notice of his claim the owner is not indebted to the contractor, the statutory lien cannot be fixed. Berry v. McAdams, 93 Tex. 431, 55 S. W. 1112. In order for appellants to hold Gafford liable upon the theory of fraud in misrepresenting the facts, it was necessary for them to make it appear that such misrepresentation prevented them from securing their statutory lien, as alleged in their pleading. It not appearing that the lodge or Gafford owed Lacy anything at the time the misrepresentation was made by Gafford, it does not appear that, if such misrepresentation has not been made, appellants could have fixed a lien upon the building.

We find it unnecessary to determine whether or not the trial court ruled correctly in holding that the facts bring the case within the statute of frauds.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.