## BRIGHTWELL et al. v. SCOTT.

### No. 3614.

Court of Civil Appeals of Texas. El Paso.

Dec. 2, 1937.

Rehearing Denied Jan. 6, 1938.

J. S. Simkins, of Corsicana, for appellants.

Tom L. Beauchamp and Leslie Neill, both of Tyler, for appellee.

HIGGINS, Justice.

Mrs. Lula Brightwell Scott, joined by her husband, Leonard Scott, brought this suit against R. N. Brightwell and wife and Monroe Honzell and wife to recover two tracts of land, the first of which contains 4½ acres of land, known as the Evans tract; the other tract contains 28.27 acres, and is referred to as the Cole royalty tract. Lee Brightwell was the son of Mr. and Mrs. R. N. Brightwell. He died October 29, 1933. The Evans tract was conveyed to the defendant R. N. Brightwell by H. E. Evans and wife on September 25, 1933. The 28.27 acres known as the Cole royalty tract was conveyed by Jesse Cole and wife to the said Lee Brightwell January 7, 1932. The record shows a deed from the said Lee Brightwell to R. N. Brightwell, dated August 1, 1933, recorded December 22, 1933. The plaintiff, Mrs. Scott, was the surviving wife of Lee Brightwell. The interest acquired by Lee Brightwell in the Cole tract of 28.27 acres is a royalty interest.

The defendants answered by general denial, plea of not guilty, and special plea, setting up that R. N. Brightwell and wife furnished Lee Brightwell the money to purchase the Cole royalty tract; that such money was the money of said Brightwell and wife, and Lee Brightwell held title to said property in trust for the defendants R. N. Brightwell and wife, and the said Lee Brightwell never at any time owned said property in his own right.

Briefly stated, the findings made by the jury are as follows:

(1) The deed from Lee Brightwell to R. N. Brightwell to the Cole royalty was not delivered by Lee Brightwell to R. N. Brightwell, if it was delivered at all, with the purpose and intention to then pass and vest title to said royalty in R. N. Brightwell.

(2) Said royalty deed from Lee Brightwell to R. N. Brightwell was not delivered by Lee Brightwell to either R. N. Brightwell or his wife.

(3) Lee Brightwell paid his own money for the Evans tract when it was purchased.

(4) Lee Brightwell paid $1,231.45 of his own money on the construction of the improvements on the property bought from Evans.

(5) The deed to the Evans property was taken in the name of R. N. Brightwell to hold for Lee Brightwell.

(6) Certain personal property (describing same) was owned by Lee Brightwell at his death, and is now held by R. N. Brightwell and wife.

(7) The deed from Cole and wife to Lee Brightwell to the royalty was not taken in the name of Lee Brightwell to hold for R. N. Brightwell.

The court in its judgment found that the 4½-acre Evans tract was the community property of Lee Brightwell, as shown by the undisputed evidence in the case, and since Lee Brightwell died without descendants, the title to said property, as community property, passed to his surviving wife, now Mrs. Scott. The court further found that the Cole royalty tract was the separate property of Lee Brightwell, one-half of which passed to his surviving wife by inheritance. It was also found that the Evans tract was purchased by Lee Brightwell as a homestead, and that Mrs. Scott had a homestead interest in said property.

In accordance with the findings by the court and jury as above indicated, judgment was rendered in favor of Mrs. Scott, from which the defendants appeal.

## Opinion.

 The witnesses Leslie Neal, a brother of Mrs. Scott, and Foster Bean were permitted to testify to certain statements made to them by Lee Brightwell concerning the lands in controversy. Without undertaking to detail the statements, it is sufficient to say the effect thereof was to show that R. N. Brightwell held the lands in trust for Lee Brightwell. These were self-serving declarations by Lee Brightwell, and inadmissible for the purpose of establishing the trust estate claimed by Mrs. Scott. Gilbert v. Odum, 69 Tex. 670, 7 S. W. 510. They were not admissible under the res gestæ rule. 17 Tex.Jur., Evidence, § 261 and cases cited in notes 6, 7, and 9.

A number of propositions question the sufficiency of the evidence to support the findings of the jury. It is also contended by other propositions that a peremptory charge in the defendants' favor should have been given. These propositions are all overruled. Since the case must be retried, the evidence and its probative force will not be discussed.

 It was unnecessary to define the word "delivered" as used in the first issue submitted. The question as framed carried its own definition.

Various criticisms of the charge are made. Complaint is also made of the refusal of certain requested issues. These and all other questions submitted by appellants have been duly considered. They are regarded as showing no reversible error, and are overruled.

For the error in the rulings upon evidence above stated, the judgment is reversed and the cause remanded.