PARRISH et al. v. LOONEY et al.

No. 4353.

Court of Civil Appeals of Texas.

April 18, 1946.

420

P. A. Sanders, of Nacogdoches, for appellants.

H. L. Edwards, of Nacogdoches, for appellees.

WALKER, Justice.

Appellants, excepting one person, are heirs of one William Rogers. They brought this action against various defendants, including Gravel Ridge School Community No. 22, of Nacogdoches County, and Gravel Ridge Missionary Baptist Church, to recover title and possession of a tract of approximately 9½ acres out of the Elizabeth Rusk Survey in the said county. They also prayed recovery of the value of certain timber cut and removed from a part of this land, and for other relief which need not be identified in detail.

The tract of land for which appellants sue was conveyed to the said William Rogers by Mary Joiner et al., acting by and through one George F. Ingraham, attorney in fact, by a deed dated November 18, 1890. Since the disposition of this appeal depends upon the construction of this instrument, we quote it, omitting only the description of the land:

"The State of Texas County of Nacogdoches } Know All Men by These Presents:

"That we, Mary Joiner, Robert Joiner and Ella Harrison and her husband, J. L. Harrison, all acting by our duly appointed and authorized attorney in fact, Geo. F. Ingraham of said County for and in consideration of Sixteen Dollars to us paid, the receipt of which is hereby acknowledged have this day bargained, sold released and conveyed and by these presents do bargain sell release and convey unto William Rogers of the County of Nacogdoches, State of Texas, the following described real estate, to-wit: * * *

"To Have And To Hold The Above described premises together with all and singular the rights and appurtenances thereto in anywise belonging unto the said William Rogers, his heirs and assigns forever in Trust the three acres of South end of said Block of land for the use and benefit of Gravel Ridge School Community Number Twenty Two of Nacogdoches County, Texas, and its successors forever the Eight and one half acres of the North end of said block of land for the use and benefit of Gravel Ridge Missionary Baptist Church, of said County and State and its successors forever. And we do hereby bind ourselves our heirs executors and administrators to warrant and forever defend all and singular the said premises unto the said William Rogers his heirs and assigns for the use and benefit of the Gravel Ridge School Community No. 22 of said County and State and said Gravel Ridge Church also of said County and State, as before herein expressed against every person whomsoever lawfully claiming or to claim the same or any part thereof, by through or under us.

"Witness our hands this 18th day of November, A.D. 1890.

"Robert Joiner
"Mary Joiner
"Ella Harrison and
"J. L. Harrison

"Signed in presence    By their Attor-
  of:      ney-in-Fact
"_____      Geo. F. Ingrahan

Approximately two acres out of the part of this tract conveyed in trust for the church has been devoted to cemetery purposes, and appellants have in effect disclaimed any proprietary interest in this cemetery; they sue for the balance of the tract conveyed to their ancestor.

The cause was tried to the court, sitting without a jury; and judgment was rendered denying appellants any relief. This judgment also declared and fixed a trust upon the title conveyed to William Rogers in the following language: "Therefore it is the order and judgment of the court that the title to the hereinafter described land is in William Rogers, his heirs and assigns, in trust for the use and benefit of defendants Gravel Ridge School Community No. 22, of Nacogdoches County, Texas, and its successors forever, and Gravel Ridge Missionary Baptist Church and its successors forever." The trial court filed findings of fact, and therein found that the School Community had been succeeded by an existing Common School District, to-wit, Harmony Common School District No. 15 of Nacogdoches County, but that the Church was still in existence. The appellants have made some question about the finding respecting the existence of the Church, but there is sufficient evidence in the record to support this finding; the fact that some of the appellants are members of the organization does not effect the matter. It also appears from the findings that when the aforesaid deed was made to William Rogers, the School Community and Church were using the land, and that they continued to do so afterwards. No school has been conducted on the land since 1936; the school conducted by the successor Common School District, namely, Harmony, is apparently located some miles distant from the land involved here. The trial court expressly found that the land had never been abandoned by the Church, and we think there is some evidence to sustain this finding, although, as will appear, said finding is immaterial.

■ The trial court's judgment obviously represents that court's construction of the deed from Mary Joiner et al. to William Rogers, and we agree with that con-struction. The instrument is not ambiguous; it conveyed title in fee simple to the said William Rogers, to be held by him in trust for the named beneficiary organizations and their successors. No intention appears therefrom to vest any personal interest in the trustee, that is, an interest not held in trust by him, and the title of the beneficiaries is not conditional. These matters will be more fully discussed in connection with appellants' Points of Error.

Under Points 1, 2 and 3, appellants say that the trial court erred in charging a trust upon the title conveyed to William Rogers because the said Rogers paid the purchase price of this land out of his own funds. They construe the deed from Mary Joiner et al. as vesting fee title in William Rogers, subject only to use of the land for school and church purposes, and say that when this use terminated, the title either reverted to or vested in full in William Rogers or appellants, or else authorized re-entry by them; and that the use referred to has in fact terminated.

■■ Points 1, 2 and 3 are overruled. And, first, respecting the payment of the purchase price of the land: The deed hereinbefore quoted recites a consideration of $16. Appellants say, as we reconstruct their argument, that the burden of proving the existence of a trust is upon him who asserts it; that an element of this proof is a showing that the person asserting the trust paid the consideration involved; and that no trust was proven here because the evidence shows that William Rogers, and not the Church or School Community, paid the purchase price of the land. The contention is denied. The trial court's findings do not show who paid the purchase price of the land; and we doubt whether there is any competent evidence in the record as to who paid it. The only evidence on this matter appears in the testimony of Mrs. Nancy Parrish, one of appellants and a daughter of William Rogers; and her testimony seems to be nothing except the repetition of statements made to her by her father or by other members of her family at some time or times not identified. So far as this record shows, nobody except the School and

Church ever had any possession of this land; and under appellants' theory of the case Mrs. Parrish's testimony appears to be nothing but hearsay repetition of self-serving declarations. See Gilbert v. Odum, 69 Tex. 670, 7 S.W. 510; Warren v. Humphreys, Tex.Civ.App., 274 S.W. 250; Brightwell v. Scott, Tex.Civ.App., 111 S. W.2d 739; Watson v. Watson, Tex.Civ. App., 28 S.W.2d 1100. However, if it be true that William Rogers did pay the purchase price of the land out of his own funds, that fact alone does not affect the rights of the parties here, because the rights of the School Community, the Church, and the successors of those organizations are established by the face of the deed to the said William Rogers, and that instrument declares an express trust in their favor. The rights of the beneficiaries depend upon an express trust, not upon a resulting trust; and it seems to be a doctrine respecting resulting trusts to which appellants have referred. It is not necessary for the beneficiary of an express trust to prove the payment by him of any part of any consideration paid for land conveyed in trust for him. In Holmes v. Tennant, Tex.Com.App., 231 S.W. 313, at page 316, the court said: "If Lee held the title entirely for convenience, it cannot be assumed that the trust, if any, under which Tennant held, was a resulting trust. It was not necessary therefore to show that the Yorks or their associates paid any part of the consideration for the land; the rule requiring such showing not being applicable in cases of express trusts."

■ . The deed to Rogers manifests an intention to provide for the School Community and the Church, and their successors. Accordingly, if William Rogers paid the price of the land, this payment amounted to a donation in behalf of the named beneficiaries, and no interest in his favor, resulting or otherwise, would be inferred. As a matter of fact, there is evidence in the record that William Rogers was a member of the Church, and served as a Deacon thereof, either at the time of this conveyance or later. In Arnold v. Southern Pine Lumber Co., 58 Tex.Civ.App. 186, 123 S.W. 1162, 1163, which is deemed analogous in principle, the facts showed that B. R. Wallace and wife, in 1847, conveyed land to Wm. W. Wallace, the deed reciting a consideration of $2,000 paid by the said Wm. W. Wallace and providing further as follows: "To have and to hold the half league of land herein conveyed, and containing two thousand two hundred and fourteen acres to him the said Wm. W. Wallace, his heirs, etc., forever, but in trust to hold the same for the sole, separate and exclusive use, benefit and behoof of the said Mary E. Wallace for and during the term of her natural life, so that neither her present nor any future husband shall have any interest in or control over the same, and in trust to hold the remainder thereof in fee for such person as the said Mary E. may appoint by either will or deed, and in default of such appointment, then for the children of the said Mary, the shares of the daughters to be held for their sole, separate and exclusive use and benefit." Wm. W. Wallace died in 1889 or 1891 and devised all of his property to his wife, the aforesaid Mary E. Wallace. Mrs. Wallace herself died in 1901, leaving a will which was probated; and her representative conveyed to the Southern Pine Lumber Company what remained of the property referred to in this deed. The court thus had before them the question, whether said property constituted a part of the assets of Mrs. Wallace's estate, and they held that it did not by virtue of the conveyance of 1847 to Wm. W. Wallace, although she may have acquired some interest, by inheritance or under her husband, from children predeceasing her. The following point was made in favor of the representative's deed: "It is suggested by the appellees that B. R. Wallace and wife, having parted with their entire interest, W. W. Wallace and Mary E. Wallace had the power to destroy the trust and assume absolute ownership in fee simple, and that this was effectually done by the will of W. W. Wallace conveying all of his estate of every kind to Mary E., and that the property thereby became hers in fee." But the court said: "We do not concur in this view, nor appreciate the force of the reasoning. W. W. Wallace

and Mary, his wife, had the right to pay to B. R. Wallace a consideration for the land and to have the title conveyed to whom they pleased. This having been done, the title vested according to the terms of the conveyance, and could not be arbitrarily divested, nor disturbed in any way except according to the terms of the instrument upon which .it depended. * * * This deed being in the nature of a family settlement, no resulting use in favor of Wallace and his wife by reason of the consideration having been paid by them in money would be presumed. The evident purpose to provide for Mrs. Wallace during her natural life so that no future husband could control the property, and for her children after her death, was so clearly expressed as to destroy any inference upon which could be based the idea that W. W. Wallace intended to retain in himself, or in himself and wife jointly, any superior right of dominion over the property. Hence they could not by a subsequent agreement between themselves disregard the trust which had been created at their instance, and acquire any greater estate than had been reserved in the deed. The only method by which the remainder to the children of Mrs. Wallace could be defeated was by the exercise of the power of appointment given her."

Second, respecting appellants' contention that the land was conveyed to William Rogers subject only to a stated use of the land: As hereinbefore noted, appellants argue that the deed to their ancestor should be so construed, and that the stated use has terminated, whereby they have full title. This contention is denied. It imports two elements into the deed to William Rogers which are not therein expressed, merely, (a) that Rogers took a personal proprietary interest in the land, separate from the title conveyed to him in trust, and (b) that the interest of the School Community and Church were on condition.

If Mary Joinér et al. had intended to convey to William Rogers an interest which he did not hold in trust, they would not have defined his estate in the land as one in trust, as they very clearly did in the habendum clause of their deed. The following quotation from Arnold v. Southern Pine Lumber Co., 58 Tex.Civ.App. 186, 123 S.W. 1165, is in point, and is sufficiently precise for disposition of the issue now under consideration: "Under our system the cestui que trust is the real owner of the property, the trustee merely the depositary of the legal title. His is not a property right, but a legal duty founded upon a personal confidence; his estate is not that which can be enjoyed, but a power that may be exercised. Having assumed the relation of a trustee, W. W. Wallace would be held to a strict account and to the exercise of the utmost fidelity towards those for whose benefit he held title. By the terms of his will devising to her his entire estate, he conveyed no greater interest to Mrs. Wallace than he himself possessed." (123 S.W. at page 1168.) This view was reiterated on the second appeal of the case, reported as Southern Pine Lumber Co. v. Arnold, Tex.Civ.App., 139 S.W. 917. There the court said (139 S.W. at page 920): "W. W. Wallace was given no property interest in the land, but was merely the depositary of the naked legal title, holding it in trust for the real owners of the beneficial interest."

No condition is attached to the interests of the School Community and the Church on the face of the deed, and none will be implied. These beneficiaries took full title in equity, to the extent that such organizations may be said to have title; and said title was not conditional upon use of the land for School or Church purposes. The following decisions define the nonconditional character of the title conveyed in trust: Gabert v. Olcott, 86 Tex. 121, 23 S.W. 985; Tarrant County v. McLemore, Tex. Sup., 8 S.W. 94; Hughes v. Gladewater County Line Independent School Dist., 124 Tex. 190, 76 S.W.2d 471; McLeod v. McCall, Tex.Civ.App., 180 S.W. 293, at page 295 (2, 3); Barker v. Hazel-Fain Oil Co., Tex.Civ.App., 219 S.W. 874, at page 876 (1, 2); Wilson v. County School Trustees of Eastland County, Tex. Civ.App., 229 S.W. 669; Taylor v. County School Trustees of Eastland County, Tex.Civ.App., 229 S.W. 670; Magnolia

Petroleum Co. v. Jackson, Tex.Civ.App., 82 S.W.2d 1011. Appellants have made some argument that there was a parol agreement that William Rogers took title subject only to the actual and continued use of the land for church and school purposes, but there is no evidence in the record that such an agreement, or an understanding to that effect existed. We note that there is authority for the proposition that parol proof of a condition not expressed on the face of the deed violates the parol evidence rule. 12 Tex.Jur. 129, Sec. 84. And there is further authority holding that no effect is to be given evidence introduced in violation of that rule, though not objected to. 17 Tex.Jur. 793, Sec. 353.

Thus it is of no significance whether the land has continued to be used for church or school purposes.

Under Points 4 and 5 appellants have brought forward certain matters affecting their right to recover the value of the timber cut from the land; but these points have become immaterial. Appellants have asserted a private proprietary title in this action, and such title as they have exhibited is in trust. The evidence shows that the proceeds of this timber is on deposit in a Nacogdoches Bank to the credit of the Church, and that the timber was cut from the church part of the land by authority of the Church; so that there can be no error in denying appellants all relief.

This brings us to appellees' cross-assignment of error. In the trial court appellees prayed "that the fee simple title to three (3) acres of said land be adjudged in the Gravel Ridge Common School District, or its successor, and that the fee simple title to eight and one-half (8½) acres of said land be adjudged in said church, in accordance with the provisions of the aforesaid deed; that the trusteeship of the said William Rogers be adjudged closed and of no further force & effect," etc. They say here that the trust vested in William Rogers was a passive trust and that the trial court erred in failing to terminate said trust and vest title in the beneficiaries. This is the subject matter of their cross-assignment, and they pray here that the judgment of the trial court be reformed accordingly.

Appellees' cross-assignment must be denied. The trial court found in effect that the Gravel Ridge School Community No. 22 had been succeeded by Harmony Common School District No. 15 of Nacogdoches County; and Harmony is not a party to this suit, either by name or by district trustee. Title could not be vested in said district, or in the representatives thereof. However, this matter is of no special consequence as respects the judgment rendered; appellants have made no point of it, but have argued their appeal on the merits of their title. Turning to a consideration of the rights of the Church, we are also required to hold that title can not be adjudged in said church as appellees pray. It seems quite clear that the Gravel Ridge Missionary Baptist Church is an unincorporated religious association, and must take legal title by trustee. Methodist Episcopal Church v. Roach, Tex.Civ.App., 51 S.W.2d 1100, at page 1102 (1-4); Humphries v. Wiley, Tex. Civ.App., 76 S.W.2d 793, at page 797. The record before us fails to show any trustee authorized to take title in behalf of the Church, and there was nobody before the court in whom the trial court could have adjudged legal title under appellees' prayer. Rule 28, Texas Rules of Civil Procedure, authorizes suit by or against an unincorporated association in the common name for the purpose of enforcing for or against it a substantive right; but this Rule must be construed with Rule 815, and when so construed does not affect the capacity of the Church to take title. Under Rule 28, the trial court could go no further than to deny the appellants the relief prayed for by them against the Church, or declare the trust as that court did.

This disposes of all the matters assigned as error. No error appearing, the judgment of the trial court is affirmed.