**Era L. HUTCHINS, Appellant,**

v.

**GRACE TABERNACLE UNITED PENTECOSTAL CHURCH and Clifford Parker, Appellees.**

**No. 01–90–00481–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1991.

---

Bruce Ian Schimmel, Stephen P. Dillion, Houston, for appellant.

Don Stocking, Conroe, for appellees.

Before EVANS, C.J., and HUGHES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The question here involves the propriety of the trial court's refusal to certify a suit as a class action. Era L. Hutchins, plaintiff, appeals from an interlocutory order denying her request to certify a class action under TEX.R.CIV.P. 42, which is an appealable interlocutory order under TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(3) (Vernon Supp.1991). We affirm.

### 1. The liability of associations

 The underlying suit involves the liability of an unincorporated religious association and its members for the contracts and torts of a church. An unincorporated association is a voluntary group of persons, without a charter, formed by mutual consent for purposes of promoting a common enterprise. BLACK'S LAW DICTIONARY 1373 (5th ed. 1979). An unincorporated association is not liable on its contracts, which are regarded as the liability of the individuals who sign them. *Summerhill v. Wilkes*, 133 S.W. 492, 493 (Tex.Civ.App.—Dallas 1910, no writ) (contract signed by the chairman of the building committee was not the liability of the unincorporated church association). The members of an unincorporated association are not bound by the unauthorized or unratified representations of a member. *Kuteman v. Lacy*, 144 S.W. 1184, 1186 (Tex.Civ.App.—Austin 1912, no writ). If the members of an association assent to or ratify a contract in its name, they become liable under them. *Hardy v. Carter*, 163 S.W. 1003, 1010 (Tex.Civ.App. —Amarillo 1914, writ dism'd or ref'd) (op. on reh'g). Members of an unincorporated association may become liable for a contract by estoppel. *Abrams v. Brent*, 362 S.W.2d 155, 158–59 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.).

 Members of an unincorporated association are individually liable for tortious acts of agents or employees of the association if the tort is committed within the scope of their authority. *Golden v. Wilder*, 4 S.W.2d 140, 143–44 (Tex.Civ.App.— Fort Worth 1928, no writ) (op. on reh'g).

### 2. Plaintiff's allegations

Plaintiff sued Grace Tabernacle United Pentecostal Church, and an employee of the Church, Clifford Parker, in tort and

contract. Plaintiff seeks actual and punitive damages, return of the Malone Street property, a declaration of her rights and status under the lease, and an injunction against the Church, its members, and its employees to prevent them from harming or returning to the Malone Street property.

In her petition to certify a class action, plaintiff made the following claims: Plaintiff and her husband owned several contiguous lots in Tomball, known as 612 Malone Street, which they acquired piecemeal through deed, foreclosure on a deed of trust, litigation, and adverse possession. The Church building and parking lot are located on the Malone Street property. On August 15, 1972, plaintiff's husband and V.E. Hall, a trustee of the Church, entered into a five-year lease for the Malone Street property. The lease was extended by oral agreement. Since 1987, the Church has refused to pay rent under the lease. Parker told plaintiff and her husband that he would help them clear their title to lots 27 and 28 by representing them before the local taxing authorities and by informing them when the Malone Street property was to be sold for taxes. Instead, Parker and the Church, in violation of a fiduciary duty to plaintiff and her husband, bought a fractional interest in lots 27 and 28 of the Malone Street property at a tax foreclosure sale.

Because the Church is an unincorporated entity, plaintiff contends the individual members are jointly and severally liable for breach of contract and the misconduct of the Church and Parker. Plaintiff states she is entitled to maintain a class action under TEX.R.CIV.P. 42 against all individuals who were members of the Church or have become members since September 1987 to the date of judgment.

Assuming for purposes of this opinion only that plaintiff will be able to prove all allegations in her petition, the question is how plaintiff can establish liability against the members of an unincorporated association. Plaintiff has only two choices: Plaintiff can join all members of the Church, past and present, going back to September 1987, or plaintiff can bring the suit as a class action. Plaintiff chose to bring the suit as a class action. The issue for this appeal is whether, on this record, the trial court erred in refusing to certify the suit as a class action.

### 3. The Church's response

The Church filed a response to plaintiff's motion for certification, stating there is no showing that the class should be liable for tortious conduct such as misrepresentation and conspiracy. The Church says that, because it is a voluntary organization subject to changes in membership, not all members would necessarily be liable for conspiracy or misrepresentation of the Church or of Parker. The Church contends there are individual members who have individual defenses that are inconsistent with the defenses of the Church and Parker. Thus, the Church goes on to say, it would be a burden for the attorney for the Church to inform all the members of their individual defenses.

The Church suggests that if any willful conduct is demonstrated against the Church, the liability for individual members can be satisfied in post-judgment proceedings. The Church cites no authority to support its suggestion that individual liability be established in post-judgment proceedings.

The Church also argues that under TEX.R.CIV.P. 28, plaintiff is required to sue the Church and is prohibited from suing the individual members. The Church misreads the rule. Rule 28 authorizes suit by or against an unincorporated association in the common name for the purpose of defending or enforcing a substantive right, but does not enlarge or diminish any substantive rights or obligations of parties. TEX.R.CIV.P. 815; *Parrish v. Looney*, 194 S.W.2d 419, 424 (Tex.Civ.App.—Galveston 1946, no writ). Rule 28 does not create in an unincorporated entity ability to hold real estate. *Id.*

In brief, the Church wants both the advantage of an unincorporated entity (no liability for the entity), and at the same time wants the advantage of a corporate entity (no liability for its members).

### 4. The hearing on the certification

At the certification hearing, the burden of proof was on plaintiff to establish her right to maintain an action as a class action. *Life Ins. Co. of the Southwest v. Brister*, 722 S.W.2d 764, 770 (Tex.App.—Fort Worth 1986, no writ). To support her motion to certify the class, plaintiff introduced the Church's answers to interrogatories and the documents attached to the answers. Other than that evidence, the hearing was limited to argument of counsel.

### 5. The appeal

In two points of error, plaintiff maintains the judge erred in denying the certification of a class action on the issues (1) of title and possession of real property, and declaratory and injunctive relief, and (2) the damage issues.

The standard we use to review a district court's refusal to certify a class is whether the court abused its discretion. *Parker County v. Spindletop Oil and Gas Co.*, 628 S.W.2d 765, 769 (Tex.1982); *Townplace Homeowners' Ass'n, Inc. v. McMahon*, 594 S.W.2d 172, 177 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The trial court abuses its discretion when it does not apply the law to the undisputed facts. *Wiggins v. Enserch Exploration, Inc.*, 743 S.W.2d 332, 334 (Tex.App.—Dallas 1987, writ dism'd); *see Camp v. Shannon*, 162 Tex. 515, 518, 348 S.W.2d 517, 519 (1961).

### 6. Prerequisites to a class action

■ The principal question underlying all class action decisions is: Will a class action furnish the most economical method for adjudicating a large number of related cases? *Wente v. Georgia–Pacific Corp.*, 712 S.W.2d 253, 255, 257 (Tex.App.—Austin 1986, no writ). If the answer is yes, and if the party moving for the certification of a class proves all the necessary elements for a class in rule 42, the trial court abuses its discretion in refusing to certify a class. Plaintiff claims that she satisfied all the requirements of subpart (a) of rule 42.

Under rule 42(a), a party may bring a class action suit if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

### a. Numerous members of the class

The first requirement is that the class be so numerous that joinder of all members is impractical. As part of its answers to interrogatories, the Church filed a list of 76 members of the Church. We hold that 76 potential defendants are a sufficient number of parties to meet the first requirement.

### b. Common questions of law and fact

The second requirement is that questions of law or facts are common to the class. The central *question of law* in this case will be the liability of the individual members of an unincorporated church for the actions of the trustees. The central *question of fact* in this case will be whether the membership ratified or assented to the actions of the trustees, or if the membership is estopped to deny the actions of the trustees.

The Church contends that the individual members will assert different factual defenses, whether they were members at the time the Church did not pay its rents. It is not necessary that all questions of law and fact be common to the class, just the principal ones. *Franklin v. Donoho*, 774 S.W.2d 308, 312 (Tex.App.—Austin 1989, no writ). Here, plaintiff plead that all members are responsible for the actions of the Church and its trustee under the theory of respondeat superior. At trial, the principal questions will be common to all members of the Church; if a person was not a member of the Church at the time of non-payment of the rent, that person would not be a member of the class.

### c. Claims or defenses of representatives are typical

The third requirement is that the claims or defenses of the representative party are typical of the class. Plaintiff has named the Church as the representative party. Plaintiff's claims against the Church are the same as plaintiff's claims against the members of the Church: the Church and its members owe plaintiff for unpaid rent and for torts committed by the Church; plaintiff wants a declaratory judgment that she owns the land; and plaintiff wants an injunction against the membership from returning to the Malone Street property. In addition, plaintiff has claims against the trustees: the trustees defrauded her by taking property at the tax sale.

### d. The class representative

The last requirement is that the designated class representative will fairly and adequately protect the interests of the class. In the pleadings for the certification of the class, plaintiff asked that "the Defendant Church" be appointed as the class representative. The Church is an unincorporated association that cannot be liable for its own contracts, *see Summerhill*, 133 S.W. at 493, or torts, *see Kuteman*, 144 S.W. at 1186. Liability belongs to the members of the association who sign the contracts, *Summerhill*, 133 S.W. at 493, or to the members when agents or employees of the association commit torts within the scope of their authority, *Golden*, 4 S.W.2d at 143–44. Accordingly, we hold that the Church, which cannot be liable, is not in a position to be the representative party for those who can be.

We affirm the order.